RECEIVED

APR - 1 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

ANNETTE RANDALL                              CIVIL ACTION NO. 06-2093

VERSUS                                       JUDGE DOHERTY

MICHAEL J. ASTRUE, COMMISSIONER              MAGISTRATE JUDGE METHVIN
SOCIAL SECURITY ADMINISTRATION

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge,

in which the magistrate judge recommends the Commissioner's decision in this social security

matter, denying benefits, be affirmed and the case dismissed. [Doc. 12]  Claimant Annette Randall

filed an objection to Magistrate Judge Methvin's Report [Doc. 13], wherein Ms. Randall argues the

Report contains errors of law and fact.  Finding Ms. Randall's objections to have merit and for the

following reasons, this Court SUSTAINS Ms. Randall's objections and REMANDS this matter to

the magistrate judge for further consideration in light of the findings contained herein.

I.      **Factual and Procedural Background**

As set forth in the magistrate judge's Report and Recommendation, Ms. Randall is 43 years

old and seeks supplemental security income benefits on grounds she is disabled under Listing

12.05(C), the listing for mental retardation. Ms. Randall's application was denied on initial review,

and an administrative hearing was held on May 4, 2006. Following the hearing, the administrative

law judge ("ALJ") determined Ms. Randall suffers from the following severe impairments: recurrent

arrhythmias, status post implantation of defibrillator, dilated cardiomyopathy, hypertension,

adjustment disorder, and borderline intellectual functioning. Nevertheless, relying on the testimony

of a vocational expert, the ALJ determined Ms. Randall can perform her past relevant work as a "housekeeping cleaner," and, therefore, is not disabled. The Appeals Counsel denied review, and Ms. Randall timely filed her appeal in this court.

## II.   The Magistrate Judge's Report and Recommendation

On appeal, Ms. Randall alleges the ALJ erred in concluding she does not meet the requirements of Listing 12.05(C), which are as follows:

> ***Mental retardation***: Mental retardation refers to significantly subaverage general intellectual functioning *with deficits in adaptive functioning initially manifested during the developmental period*; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirement in A, B, C, or D are satisfied.
>
> \* \* \*
>
> C.  A valid verbal, performance, of full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

In her Report and Recommendation, the magistrate judge concluded in order to establish disability under Listing 12.05(C), the claimant must satisfy not only the requirements of Subsection (C) itself – that is, low IQ scores and another physical or mental impairment -- but also the requirements of the "introductory paragraph." Exactly what evidence is required to be established pursuant to the "introductory paragraph" is the crux of Ms. Randall's objections.

In concluding the requirements of the "introductory paragraph" are mandatory, the magistrate judge relied upon the Fifth Circuit's opinion in *Arce v. Barnhart*, No. 05-50935, 2006 WL 1765899, \*3 (5th Cir. June 22, 2006), in which the court held that despite a claimant's low IQ score, she did not meet the listed impairment for mental retardation because she did not satisfy the introductory

2

paragraph showing she had deficits in adaptive functions.  Unfortunately, the *Arce* decision is an

unpublished Fifth Circuit, which, pursuant to Fifth Circuit Rule 47.5, is not precedent except for the

limited circumstances – none of which are applicable in this case – set forth in Fifth Circuit Rule

47.5.4.[1]  Therefore, this Court cannot rely upon the *Arce* decision in analyzing the legal issues raised

on appeal in this matter.  This Court notes, however, other circuits have held the "introductory

paragraph" in Listing 12.05(C) is mandatory.  *See, e.,g.*, *Maresh v. Barnhart*, 438 F.3d 897 (8th Cir.

2006); *Mendez v. Barnhart*, 439 F.3d 367 (7th Cir. 2006).

Applying the "introductory paragraph" to the facts of the instant case, the magistrate judge

reasoned:

> There is no dispute that Randall meets the IQ score requirement and that she has
> additional severe impairments. The sole issue is whether the ALJ's conclusion as to
> adaptive functioning is supported by substantial evidence. The ALJ concluded that
> Randall had a level of adaptive functioning contra-indicating a finding of disability:
>
>> The claimant underwent formal IQ testing in July 2003 on
>> consultative examination by Alfred E. Buxton, Ph.D. The claimant
>> obtained a verbal IQ of 69 a performance IQ of 75 and a full scale IQ
>> of 69. Despite these scores, Dr. Buxton relied on evidence of adaptive
>> functioning to conclude that the claimant's adaptive functioning falls

---

[1] Fifth Circuit Rule 47.5.4 states:

**47.5.4 Unpublished Opinions Issued on or After January 1, 1996.**

Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like). An unpublished opinion may be cited pursuant to FED. R. APP. P. 32.1(a). The party citing to an unpublished judicial disposition should provide a citation to the disposition in a publicly accessible electronic database. If the disposition is not available in an electronic database, a copy of any unpublished opinion cited in any document being submitted to the court must be attached to each copy of the document, as required by FED. R. APP. P. 32.1(b). The first page of each unpublished opinion bears the following legend:

> Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
> opinion should not be published and is not precedent except under the limited
> circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

more within the borderline range of deficient intellectual functioning. The claimant has worked as a housekeeper, at times earning in excess of the amounts required to constitute substantial gainful activity. Further, the claimant testified that she completed ninth grade in regular education classes. She stated that she is able to read, write, use numbers and make change for $20. The claimant does not meet the threshold requirement of mental retardation, defined as significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period.

The record shows that Randall can read the newspaper, make change for a $20, takes care of herself, goes to church, spends time in casinos, was in regular classes in school, and travels locally independently. She has raised six children and has worked in the past. Dr. Buxton concluded that despite Randall's IQ scores, she could function in a manner that allowed her to return to gainful employment. Thus, there is substantial evidence in the record that she does not have deficits in adaptive functioning. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(1) (stating that adaptive activities such as cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, caring appropriately for your grooming and hygiene, using telephones and directories, and using a post office); *Arce*, 2006 WL 1765899 at *1.

From a review of the record, it appears the consulting health care provider and ALJ misinterpreted the requirements of the introductory paragraph, a misreading the magistrate judge followed within. It appears all misinterpreted the "introductory paragraph" as requiring *a separate and independent evaluation* of whether the claimant actually *has* deficits in adaptive functioning *beyond what is defined within Listing 12.05* rather than merely requiring whatever necessary level of adaptive disfunction, as defined by the regulation, exist, *and have "initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."*. The magistrate judge looked to the ALJ's findings to determine whether there is substantial evidence in the record to support the ALJ's conclusion that Ms. Randall "had a level of adaptive functioning contra-indicating a finding of disability," and concluded substantial evidence supported the ALJ's conclusion and affirmed the ALJ's decision denying benefits, and did not

address, as the ALJ did not, whether Ms. Randall's disfunction manifested before age 22.

### III.    Claimant's Objections

Ms. Randall objects to the magistrate judge's Report and Recommendation on two grounds: (1) the magistrate judge committed an error of law in rendering "deficits in adaptive functioning" a separate and independent requirement for purposes of satisfying Listing 12.05(C); and (2) the magistrate judge's finding that Ms. Randall does not have deficits in adaptive functioning is factually incorrect.

After review of the Report and Recommendation, the claimant's Objections, and Listing 12.05(C), this Court concludes the magistrate judge's Report reflects an error of law initiated by the consulting health care provider and ALJ, inasmuch as each interpreted the "introductory paragraph" to require a separate and independent showing of "deficits in adaptive functioning" beyond what is specifically identified within Listing 12.05(C). A review of the "introductory paragraph" shows the purpose of the paragraph however, is to establish *not* that the claimant has deficits in adaptive functioning *per se*, that is defined within Listing 12.05(C) itself, but, rather, to require the claimant's "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially *presented during the developmental period*," that is, before the claimant reached the age of 22, and not thereafter:

> ***Mental retardation***: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning *initially manifested during the developmental period*; i.e., *the evidence demonstrates or supports onset of the impairment before age 22.* (emphasis added)

Further support for this interpretation of the introductory paragraph is found in the sentence following the "introductory paragraph," which provides the evidence necessary to satisfy the severity requirement of the listing is met when the claimant shows she meets the requirements of *any one of*

Subsection (A), (B), (C), or (D), as follows:

> **The required level of severity for this disorder is met when the requirement in A, B, C, or D are satisfied.**
>
> * * *
>
> C. A valid verbal, performance, of full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. (emphasis added)

Thus, the level of retardation and adaptive disfunction necessary to trigger the operation of the provision is defined within the regulation. Consequently, the purpose of the "introductory paragraph" is not to determine whether deficits in adaptive functioning exist and how severe the deficits are, that is done within the text; rather, the purpose of the introductory paragraph is to determine *whether those deficits existed before the claimant reached the age of 22*. Thereafter the subsections below the paragraph define and identify the circumstances under which the deficits in question are determined to be severe enough to be considered disabling.

It is likely Ms. Randall satisfies the requirements of Subsection (C) of Listing 12.05, that is, she has a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. What is not addressed, in either that portion of the ALJ's decision cited by the magistrate judge or the magistrate judge's Report and Recommendation itself, is the additional inquiry actually required by the introductory paragraph, i.e., whether Ms. Randall's deficits in adaptive functioning, whatever they might be as defined in A, B, C, or D, *"manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22."* Thus, it appears on the record, that if Ms. Randall meets Listing 12.05, A, B, C, or D and those particular deficits in adaptive functioning presented before she reached the age of 22, she would be entitled to benefits; or if they

6

did not, she would not.

Thus, as the magistrate judge's Report and Recommendation was premised upon an incorrect reading of Listing 12:05 begun by the health care provider and ALJ and adopted by the magistrate judge, the magistrate judge's findings are based on an error of law and must fall and the evidence presented reevaluated under a correct reading of Listing 12.05.

The portion of the ALJ's ruling quoted in the magistrate judge's Report and Recommendation addressing IQ testing states the IQ testing conducted by Dr. Buxton was conducted in *July 2003*, therefore, this Court does not have sufficient information to determine whether the claimant's deficits in adaptive functioning – whatever they might be and whether falling under Listing 12.05 A, B, C, or D – manifested before she reached the age of 22. Thus, this Court remands this matter to the magistrate judge to address the issues, both legal and factual, noted by this Court.

This Court makes no finding with respect to Ms. Randall's allegations regarding *factual* errors, as the magistrate judge will re-evaluate the evidence based upon the clarified reading of the provisions of Listing 12.05(C).

Considering the foregoing, the instant matter is REMANDED to the magistrate judge for further consideration in light of the findings contained herein. The magistrate judge is instructed to issue a Supplemental Report and Recommendation addressing these issues.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ___/___ day of _____, 2008

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

7